# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
### WAYCROSS DIVISION

FESTUS OLUIGBO-BERNARDS,

      Plaintiff,

    v.

THE GEO GROUP, INC., and D. RAY
JAMES CORRECTIONAL FACILITY,

      Defendants.

CIVIL ACTION NO. 5:16-cv-73

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, a former inmate at the D. Ray James Correctional Institution in Folkston, Georgia ("D. Ray James"), filed this action pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). (Doc. 1.) The Court has conducted an initial review of Plaintiff's Complaint, as required by 28 U.S.C. § 1915A. For the reasons which follow, I **RECOMMEND** that the Court **DISMISS** Plaintiff's Complaint and **DENY** Plaintiff leave to appeal *in forma pauperis*.

## BACKGROUND[1]

In his Complaint, Plaintiff makes a number of allegations against Defendants' employees during his incarceration at D. Ray James. (Doc. 1.) Plaintiff contends that prison officials improperly placed him in the prison's special housing unit based on false allegations. (<u>Id.</u> at pp. 5–7.) He further contends that he was misled during the investigation into the allegations against him, that he was denied an opportunity to talk with his attorney and family over the phone, that he was forced to strip naked in front of other inmates, and that he was not given any ice while in

---

[1] The facts set forth below are taken from Plaintiff's Complaint are accepted as true, as they must be at this stage.

the SHU.  (Id. at pp. 7–9.)  He also contends that the confinement resulted in "incessantly creeping headache, abnormal sensations in the brain and crackling in his nervous system" and that he has not received adequate medical attention.  (Id. at p. 11.)

## STANDARD OF REVIEW

Plaintiff seeks to bring this action *in forma pauperis*.  Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets and shows an inability to pay the filing fee and also includes a statement of the nature of the action which shows that he is entitled to redress.  Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii).  Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity.  Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous or malicious, or fails to state a claim upon which relief may be granted or which seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

When reviewing a Complaint on an application to proceed *in forma pauperis*, the Court is guided by the instructions for pleading contained in the Federal Rules of Civil Procedure.  See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances).  Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys.") (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

**DISCUSSION**

I.     **Dismissal of <u>Bivens</u> Claim Against Private Entities**

The United States Supreme Court has held that a federal prisoner cannot bring a <u>Bivens</u> claim against employees of a privately operated federal prison when state law authorizes adequate alternative actions.[2] <u>Minneci v. Pollard</u>, ___ U.S. ___, 132 S. Ct. 617 (2012).  The Court stated that "in the case of a privately employed defendant, state tort law provides an 'alternative, existing process' capable of protecting the constitutional interests at stake." <u>Id.</u>, 132 S. Ct. at 623 (quoting <u>Wilkie v. Robbins</u>, 551 U.S. 537, 559 (2007)) (declining to extend <u>Bivens</u> liability to allow a landowner to pursue a private action against employees of the Bureau of Land Development); <u>Goia v. CitiFinancial Auto</u>, 499 F. App'x 930, 936 (11th Cir. 2012) ("[T]he Supreme Court has declined to expand <u>Bivens</u> to encompass a suit against private corporations acting under color of federal law.") (citing <u>Corr. Servs. Corp. v. Malesko</u>, 534 U.S. 61, 71, 74 (2001)).  The Court can only recognize a <u>Bivens</u> action if: (1) there are no adequate alternative remedies under state or federal law; and (2) no "special factors" counsel against implying a cause of action. <u>Robles v. Kane</u>, 550 F. App'x 784, 787 (11th Cir. 2013).  State tort law remedies are adequate when they provide roughly similar incentives for defendants to comply with the constitutional right at issue while also providing roughly similar compensation to victims of violations. <u>Minneci,</u> 132 S. Ct. at 625.  The Eleventh Circuit Court of Appeals has held that, at least as to some claims, Georgia tort law provides federal prisoners held in privately-run facilities "arguably better remedies than a <u>Bivens</u> claim." <u>Robles</u>, 550 F. App'x at 788.

---

[2]  In the Eleventh Circuit such a claim has been foreclosed since 2008.  <u>See</u> <u>Alba v. Montford</u>, 517 F.3d 1249 (11th Cir. 2008) (declining to extend <u>Bivens</u> to cover a claim for deliberate indifference to medical needs against Corrections Corporation of America, a private facility under contract with the Bureau of Prisons, and its employees).

D. Ray James is a private entity that operates under a contract with the Bureau of Prisons. The employees of D. Ray James are employees of The GEO Group, Inc., a private entity. Thus, like the plaintiffs in <u>Minneci</u> and <u>Alba</u>, so long as Plaintiff has adequate state law remedies available to him, he may not maintain a cause of action pursuant to <u>Bivens</u> against The GEO Group, Inc., or its employees.

Georgia tort law provides Plaintiff such alternative remedies. For instance, Plaintiff may pursue his claims that he was denied medical care in state court through a claim of medical malpractice. <u>See</u> O.C.G.A. § 9-3-70 ( "medical malpractice" includes all claims "arising out of" "[h]ealth, medical, dental, or surgical service, diagnosis, prescription, treatment, or care"); O.C.G.A. § 51-1-27 ("A person professing to practice surgery or the administering of medicine for compensation must bring to the exercise of his profession a reasonable degree of care and skill. Any injury resulting from a want of such care and skill shall be a tort for which a recovery may be had.") In fact, Plaintiff possesses an "arguably superior" cause of action in state court, because, unlike in a <u>Bivens</u> action, he can pursue state remedies under a theory of *respondeat superior*. <u>See</u> O.C.G.A. § 51-2-2; <u>Alba</u>, 517 F.3d at 1256, n.7.

Moreover, Plaintiff's other claims—being improperly placed in a special housing unit, not being allowed to talk to his attorney, and being forced to strip in front of other inmates—can be addressed through state law. As Magistrate Judge Brian K. Epps of this Court explained in the face of claims brought by a prisoner in a private facility,

> To the extent Plaintiff's claims do not fall under the traditional rubric of medical malpractice, Plaintiff could also bring his claims under Georgia negligence law. Georgia negligence law provides that a plaintiff may recover for emotional distress without a showing of physical injury if the defendant's conduct was malicious, willful, or wanton and directed toward the plaintiff. <u>Jordan v. Atlanta Affordable Hous. Fund, Ltd.</u>, 498 S.E.2d 104, 106 (Ga. Ct. App. 1998). This standard requires conscious indifference to the consequences of one's actions. <u>Brooks v. Gray</u>, 585 S.E.2d 188, 189 (Ga. Ct. App. 2003). This is remarkably similar to the standard for deliberate indifference under the Eighth Amendment

which requires subjective recklessness on the part of prison officials. <u>Farmer v. Brennan</u>, 511 U.S. 825, 839 (1994). Given the similar alignment of the Eighth Amendment standard and Georgia's negligence law for nonphysical injuries, Georgia tort law provides similar incentives for defendants to comply with the Eighth Amendment in addition to superior compensation in the form of *respondeat superior.*

<u>Galloway v. CCA Mcrae Corr. Facility</u>, No. CV 314-067, 2016 WL 4197588, at *3 (S.D. Ga. Aug. 8, 2016), *report and recommendation adopted*, No. CV 314-067, 2016 WL 4535372 (S.D. Ga. Aug. 30, 2016); <u>see also</u> <u>Cottrell v. Smith</u>, 788 S.E.2d 772, 780 (Ga. 2016) (Georgia recognizes claim for intentional infliction of emotional distress where: (1) defendant's conduct was intentional or reckless; (2) the conduct was extreme and outrageous; (3) there was a causal connection between the wrongful conduct and the emotional distress; and (4) the emotional distress was severe.); <u>Robles</u>, 550 Fed. Appx. at 787-88 (Georgia law provides adequate remedy for interference with prisoner's legal mail);  <u>Poole v. Streiff</u>, No. CIV. A. 07-0749-KD-C, 2008 WL 2699420, at *3 (S.D. Ala. June 30, 2008) (Plaintiff had adequate state law remedies under Alabama law for negligence and wantonness for claims he was sent to solitary confinement); <u>Robles v. Bureau of Prisons</u>, No. CV511-120, 2012 WL 488080, at *2 (S.D. Ga. Jan. 23, 2012), *report and recommendation adopted*, No. CV 511-120, 2012 WL 484076 (S.D. Ga. Feb. 14, 2012) (dismissing claims food was nutritionally inadequate, citing <u>Alba</u>).

Plaintiff cannot bring a <u>Bivens</u> action against the private entity Defendants.  Rather, Plaintiff's remedy, if any, against Defendants lies in state court.  Consequently, I **RECOMMEND** that the Court **DISMISS** this case.

## II.    Dismissal of Supervisory Liability Claims and Claims against a Facility

Additional grounds support dismissal of this action.  Plaintiff sues The GEO Group, Inc., the company that operates D. Ray James.  However, "[i]t is well established in this circuit that supervisory officials are not liable under <u>Bivens</u> for unconstitutional acts of their subordinates on

the basis of *respondeat superior* or vicarious liability." Gonzalez v. Reno, 325 F.3d 1228, 1234 (11th Cir. 2003). A supervisor may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection between the supervisor's conduct and the alleged violations. Bryant v. Jones, 575 F.3d 1281, 1299 (11th Cir. 2009); Braddy v. Fla. Dep't of Labor & Employment Sec., 133 F.3d 797, 801 (11th Cir. 1998). The principle that *respondeat superior* is not a cognizable theory of constitutional liability holds true regardless of whether the entity sued is a state, municipality, or private corporation. Harvey v. Harvey, 949 F.2d 1127, 1129–30 (11th Cir. 1992). Plaintiff has only sued the GEO Group based on their position as the company that operates D. Ray James. He has not provided any allegations through which the company could be held liable under Bivens.

Likewise, "under Bivens, 'a plaintiff must show that he or she was deprived of a federal right by a person acting under color of [federal] law.'" Jallali v. Am. Osteopathic Ass'n, 461 F. App'x 838, 840 (11th Cir. 2012) (quoting Griffin v. City of Opa–Locka, 261 F.3d 1295, 1303 (11th Cir. 2001) (alteration in original)). Plaintiff names the prison, D. Ray James, as a defendant. However, a prison is not a separate legal entity, much less a "person" that could be subject to suit under Bivens. See Williams v. Chatham Cty. Sherriff's Complex, Case No. 4:07-cv-68, 2007 WL 2345243 (S.D. Ga. Aug. 14, 2007) ("The county jail, however, has no independent legal identity and therefore is not an entity that is subject to suit under Section 1983."). Based on these additional reasons, the Court should **DISMISS** this action for failure to state a claim.

### III. Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.[3]  Though Plaintiff has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal.  Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not take in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  Or, stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith.  Thus, *in forma pauperis* status on appeal should be **DENIED**.

### CONCLUSION

For the numerous reasons set forth above, I **RECOMMEND** that the Court **DISMISS** this action and **DENY** Plaintiff leave to appeal *in forma pauperis*.  The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections

---

[3]  A certificate of appealability is not required in this Bivens action.

within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action.

The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence. Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon the Plaintiff.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 3rd day of January, 2017.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA